```
                UNITED STATES DISTRICT COURT
                   DISTRICT OF MINNESOTA
                 Civil No. 19-883(DSD/BRT)
```

Brenda Calloway Colvin,

       Plaintiff,

v.                                                        **ORDER**

Plymouth Police Department,
Glenn Gerads Plymouth Police,
In Official Capacity, Fisher
Plymouth Police, In Official Capacity,

and

Hennepin County Child Protection,
Claire M. Niessen-Derry Investigator,
In Official Capacity, Colette Roseler
Supervisor, In Official Capacity
and Kelli Syring Social Worker,
In Official Capacity,

       Defendants.

    Brenda Calloway Colvin, Address Unknown, plaintiff pro se.

    Christiana Martenson, Hennepin County Attorney's Office, 300 South 6th Street, Suite A2000, Minneapolis, MN 55487, counsel for defendants Hennepin County Child Protection, Claire M. Niessen-Derry Investigator, In Official Capacity, Colette Roseler Supervisor, In Official Capacity and Kelli Syring Social Worker, In Official Capacity.

    Ryan M. Zipf, League of Minnesota Cities, 145 University Avenue W, St. Paul, MN 55103, counsel for defendants Plymouth Police Department, Glenn Gerads Plymouth Police, In Official Capacity, Fisher Plymouth Police, In Official Capacity.

This matter is before the court upon the motion to dismiss the complaint by defendants Hennepin County Child Protection, Colette Roesler, Kellie Syring, and Claire M. Niessen-Derry (Hennepin County defendants). Based on a review of the file, record, and proceedings herein, and for the following reasons, the motion to dismiss is granted.

**BACKGROUND**

In March 2019, a Plymouth police officer responded to a report of children alone in pro se plaintiff Brenda Calloway Colvin's home. ECF No. 18 at XI:294-303, XII:304-306, XII:311-317.[1] Plymouth police referred the matter to the Hennepin County defendants, who in turn filed a Child in Need of Protection or Services (CHIPS) petition on behalf of Colvin's six children. Id. at XII:311-320. The CHIPS proceeding remains ongoing. See ECF No. 26, Ex. 6.

On March 29, 2019, Colvin filed suit against the Plymouth Police Department and two of its officers (Plymouth Police defendants), and against the Hennepin County defendants. ECF. No. 1. Colvin amended her complaint in June 2019 to include claims under 42 U.S.C. §§ 1981, 1983, and 1985 for

---

[1] The court references Colvin's amended complaint, ECF No. 18, as written, by citing to specific page and line numbers.

2

various alleged constitutional violations as well as claims for alleged violations of certain state laws. See generally ECF No. 18. As far as this court can tell, Colvin is seeking various forms of declaratory and injunctive relief on behalf of herself, and a damages award on behalf of her children. See id. at XXIX:679-698, XXX:700-721, XXXI:722-741.

The Hennepin County defendants now move to dismiss on grounds this court should abstain under Younger v. Harris, 401 U.S. 37 (1971), in light of the ongoing CHIPS proceeding. Alternatively, they move to dismiss based on the fact that Hennepin County Child Protection is not a legal entity subject to suit, and on the grounds that (1) Colvin has not properly served any of the Hennepin County defendants, (2) the individual Hennepin County defendants are entitled to immunity, and (3) Colvin has failed to state a claim. Colvin has not responded to the motion to dismiss, and did not appear at the September 5, 2019, hearing on this matter. At the hearing, counsel for the Hennepin County defendants argued in support of its motion and counsel for the Plymouth Police defendants informed the court that they have not answered or filed motions in response to Colvin's complaint because they have not been properly served.

**DISCUSSION**

I. **Younger Abstention Doctrine**

Under Younger, federal courts are directed "to abstain from accepting jurisdiction in cases where ... granting [the relief requested] would interfere with pending state proceedings" involving important state interests. Night Clubs, Inc. v. City of Fort Smith, Ark., 163 F.3d 475, 477 n.1 (8th Cir. 1998). To determine whether abstention is appropriate, the court must consider three factors: "(1) [whether] there is an ongoing state proceeding, (2) which implicates important state interests, and (3) [whether] there is an adequate opportunity to raise any relevant federal questions in the state proceedings." Plouffe v. Ligon, 606 F.3d 890, 892 (8th Cir. 2010) (citing Middlesex Cty. Ethics Comm. v. Garden State Bar Ass'n, 457 U.S. 423, 432 (1982)). Where a plaintiff seeks injunctive or declaratory relief, and the above Middlesex factors are present, Younger directs federal courts to abstain and dismiss the suit. Night Clubs, Inc., 163 F.3d at 481 (citing Gibson v. Berryhill, 411 U.S. 564, 577 (1973)). Where a plaintiff seeks damages, Younger calls for federal courts to abstain and stay the federal suit until the underlying state proceeding has concluded. Id. (citing Quackenbush v. Allstate Ins. Co., 517 U.S. 706, 731 (1996)).

Here, Colvin seeks damages on behalf of her children as well as declaratory and injunctive relief on behalf of herself. As Magistrate Judge Becky Thorsen explained in the order granting in part and denying in part Colvin's motion to amend her complaint, because Colvin is proceeding pro se, she may not bring claims on behalf of her minor children. See Buckley v. Dowdle, No. 08-1005, 2009 WL 750122, at *1 (8th Cir. Mar. 24, 2009) (affirming dismissal of a pro se complaint filed on behalf of the plaintiff's minor daughter); Bower v. Springfield R-12 Sch. Dist., 263, F. App'x 542, 542 (8th Cir. 2008) (per curiam) (same); see also ECF No. 13 at 1 n.1. As such, this claim for relief must be summarily dismissed and does not factor into whether Younger abstention is proper.

Next, Colvin seeks various forms of injunctive and declaratory relief on behalf of herself. Among other things, Colvin requests that this court take over the ongoing state juvenile protection proceedings, ECF No. 18 at XXIX:694-98; that the Minnesota Department of Health and Human Services review and audit Hennepin County Child Protection, id. at XXX:703-06; and that Hennepin County Child Protection be required to contact parents "periodically with services to help parents, with the offer of having Children [sic] placed outside of the home so that parents can achieve healthy, and sustaining goals, such as school, medical, legal, etc.," id.

5

at XXX:715-18. Because each of the Middlesex factors are satisfied here, the court will abstain from exercising jurisdiction over these claims.

First, the CHIPS proceeding involving Colvin and her children is an ongoing state matter. See ECF No. 26, Ex. 6. Next, the Eighth Circuit recognizes that state proceedings regarding child welfare represent an important state interest. See Tony Alamo Christian Ministries v. Selig, 664 F.3d 1245, 1249 (8th Cir. 2012) ("[T]here is no doubt that state-court proceedings regarding the welfare of children reflect an important state interest that is plainly within the scope of [Younger]."). Finally, absent a showing by the plaintiff to the contrary, there is a presumption that state courts will provide an adequate opportunity to raise constitutional claims. See Oglala Sioux Tribe v. Fleming, 904 F.3d 603, 613 (8th Cir. 2018) ("State courts are competent to adjudicate federal constitutional claims, and when a litigant has not attempted to present his federal claims in related state-court proceedings, a federal court should assume that state procedures will afford an adequate remedy, in the absence of unambiguous authority to the contrary.") (internal citations omitted). Here, it does not appear that Colvin has attempted to raise her constitutional concerns at the state level, and she has not shown that the state would

6

fail to provide an adequate procedure to address such claims. See generally ECF No. 18. Given the presence of all three Middlesex factors, this court must abstain under Younger and Colvin's claims for injunctive and declaratory relief are dismissed without prejudice.

## II. Other Grounds

Because the court abstains from exercising jurisdiction, it declines to consider the other grounds raised in the Hennepin County defendants' motion to dismiss.[2]

## III. Improper Service on the Plymouth Police Defendants

Without effective service or waiver of process, the court lacks personal jurisdiction over a defendant. See Printed Media Servs., Inc. v. Solna Web, Inc., 11 F.3d 838, 843 (8th Cir. 1993). A plaintiff must make a prima facie

---

[2] Although the court declines to exercise jurisdiction here, were the court to reach the merits of Colvin's claims, the outcome would remain the same. The court has reviewed Colvin's complaint and is satisfied that all claims against the Hennepin County defendants should be dismissed. Hennepin County Child Protection Services is not a legal entity subject to suit. See State ex rel. Ryan v. Civil Serv. Comm'n of City of Minneapolis, 154 N.W.2d 192, 194 (Minn. 1967). Further, suing the individual Hennepin County defendants in their official capacities, as Colvin has done here, amounts to a suit against Hennepin County Child Protection Services. Johnson v. Outboard Marine Corp., 172 F.3d 531, 535 (8th Cir. 1999) ("A suit against a public employee in his or her official capacity is merely a suit against the public employer."). Finally, none of the Hennepin County defendants appear to have been properly served, see ECF 26, Ex. 5, and Colvin has failed to state a claim against any of them.

showing that the court has personal jurisdiction over the defendants. See Digi-Tel Holdings, Inc. v. Proteq Telecomms. (PTE), Ltd., 89 F.3d 519, 522 (8th Cir. 1996). When considering whether personal jurisdiction exists, the court views the evidence in the light most favorable to the plaintiff and may consider matters outside the pleadings. Id.; see Dever v. Hentzen Coatings, Inc., 380 F.3d 1070, 1072-73 (8th Cir. 2004). Where "a defendant is not served within 90 days after the complaint is filed, the court - on motion or on its own after notice to the plaintiff - must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m).

Here, there is nothing in the record to indicate that Colvin has properly served the Plymouth Police defendants within the time permitted. Given her pro se status, the court will give Colvin 30 days from the date of this order to effect proper service. If Colvin does not file an affidavit showing proper service on the Plymouth Police defendants within 30 days of this order, the court will dismiss her complaint against them without prejudice for failure to prosecute.

## CONCLUSION

Accordingly, **IT IS HEREBY ORDERED** that:

1.   The motion to dismiss [ECF No. 21] is granted;

2.   The Hennepin County defendants are dismissed from this action without prejudice; and

3.   Plaintiff shall file an affidavit showing proper service of process on the Plymouth Police defendants by November 6, 2019.

Dated: October 7, 2019

                                         s/David S. Doty
                                         David S. Doty, Judge
                                         United States District Court